# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| **CARY A. VIRGEN,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:15-cv-001196-JR |
| | ) | |
| v. | ) | **FINDINGS AND RECOMMENDATION** |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Katherin L. Eitenmiller and Brent Wells
HARDER, WELLS, BARON & MANNING, P.C.
474 Willamette, Suite 200
Eugene, OR 97401
        Attorneys for Plaintiff

Billy J. Williams
United States Attorney
Janice E. Herbert
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

Jeffrey E. Staples
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104-7075
      Attorneys for Defendant

**Russo, Magistrate Judge**:

Cary Virgen ("plaintiff") seeks judicial review of the final decision of the Commissioner

of the Social Security Administration ("Commissioner") denying her applications for

Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Because the

Commissioner's decision is supported by substantial evidence, the decision should be

REVERSED and remanded for payment of benefits.

## I.    BACKGROUND

### A.    The Application

Born in October 1977, plaintiff was 35 years old at the time of the administrative hearing.

Tr. 38. She earned her GED and completed some college courses. Id. She has past work

experience as a fast food worker and as a nurse's assistant. Tr. 47. Plaintiff alleges disability due

to degenerative disc disease of the lumbar spine, degenerative joint disease of the lumbar spine,

chronic pain, myofascial pain syndrome, and sciatica. Tr. 19, 264.

Plaintiff filed her applications on October 19, 2011, alleging disability as of February 2,

2010. Tr. 173-74. After the Commissioner denied her applications initially and upon

reconsideration, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Tr.

104-23. An administrative hearing was held on September 30, 2013. Tr. 34-51. At the hearing

plaintiff amended her alleged onset date to June 30, 2011. Tr. 37. On October 22, 2013, the ALJ

Page 2 – FINDINGS AND RECOMMENDATION

issued a written decision finding plaintiff not disabled. Tr. 14-28. On April 24, 2015, the Appeals

Council denied plaintiff's subsequent request for review, and the ALJ's decision became the

final decision of the Commissioner. Tr. 1-4, 11-13. This appeal followed.

## B.    The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity

by reason of any medically determinable physical or mental impairment which . . . has lasted or

can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C.

§ 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for

determining whether an applicant is disabled within the meaning of the Social Security Act."

Keyser v. Comm'r Soc. Sec. Admin., 648 F.3d 721, 724 (9th Cir. 2011); see also 20 C.F.R.

§ 404.1520 (DIB); 20 C.F.R. § 416.920 (SSI); Bowen v. Yuckert, 482 U.S. 137, 140 (1987).

Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4). The five-step

sequential process asks the following series of questions:

1.    Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2.    Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds beyond step three. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled.

Id. See also Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. Id. at 953; see also Tackett v. Apfel, 180 F.3d 1094, 1100 (9th Cir. 1999); Yuckert, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. Tackett, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy "taking into consideration the claimant's residual functional capacity, age, education, and work experience." Id.; see also 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves the claimant is able to perform other work existing in significant

Page 4 – FINDINGS AND RECOMMENDATION

numbers in the national economy, the claimant is not disabled. Bustamante, 262 F.3d at 953-54;
Tackett, 180 F.3d at 1099.

## C.    The ALJ's Decision

The ALJ performed the sequential analysis. At step one, he found plaintiff had not
engaged in substantial gainful activity since her amended alleged onset date. Tr. 19. At step two,
the ALJ concluded plaintiff had the severe impairments of obesity, degenerative disc disease of
the lumbar spine, and degenerative joint disease of the lumbar spine. Tr. 19. At step three, the
ALJ determined plaintiff did not have an impairment or combination of impairments that met or
medically equaled a listed impairment. Tr. 21.

The ALJ next assessed plaintiff's residual functional capacity ("RFC") and found that she
retains the capacity to perform medium work with the following limitations: she can lift and/or
carry fifty pounds occasionally and twenty-five pounds frequently; she can stand or walk for six
hours and sit for six hours in an eight-hour workday; she does not have any limitations on
pushing or pulling, including operation of hand and foot controls, other than for lifting and
carrying; and she does not have postural, manipulative, visual, communicative, or environmental
limitations. Tr. 21. At step four, the ALJ found plaintiff is able to perform her past relevant work
as a fast food worker and as a nurse's assistant. Tr. 27. The ALJ therefore concluded plaintiff
was not disabled. Tr. 28.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper
legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); see
also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means
"more than a mere scintilla but less than a preponderance." Bray v. Comm'r, 554 F.3d 1219,

Page 5 – FINDINGS AND RECOMMENDATION

1222 (9th Cir. 2009). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. See Batson v. Comm'r, 359 F.3d 1190, 1193 (9th Cir. 2004). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). The reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. Id.; see also Bray, 554 F.3d at 1226.

## II.    DISCUSSION

Plaintiff argues the Commissioner erred by (1) improperly rejecting her subjective symptom testimony; (2) improperly evaluating the medical opinion of treating physician William Ferguson, M.D.; and (3) erring in steps two and four.

### A.    Plaintiff's Testimony

Plaintiff first argues that the ALJ erred by rejecting her subjective symptom testimony. The Ninth Circuit established two requirements for a claimant to present credible symptom testimony: the claimant must produce objective medical evidence of an impairment or impairments; and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986). The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996).

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's testimony only if the ALJ provides clear and convincing reasons for doing so. Parra v. Astrue, 481 F.3d 742, 750 (9th Cir. 2007). General assertions that the claimant's testimony is not credible are insufficient. Id. The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." Id. (quoting Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995)).

Plaintiff sustained an on-the-job injury to her lower back on February 2, 2010. She subsequently filed a worker's compensation claim and participated in physical therapy and chiropractic sessions for her back injury. At the hearing, plaintiff testified that after the injury she was able to return to work part-time with no lifting, bending, or twisting. Tr. 41-43. Plaintiff had difficulty returning to full-time work and her treating physician, William Ferguson, M.D., permanently restricted her to part-time hours. Tr. 43. Plaintiff testified that she has been unable to find work to accommodate the physical limitations caused by her back condition, including efforts to secure work as a receptionist or office helper. Tr. 39-40. She uses oxycodone for pain, Mobic for inflammation, Gabapentin for nerve damage, and Flexeril as a muscle relaxant. Tr. 41. Plaintiff testified that these medications cause tiredness and difficulty thinking. Id.

Plaintiff testified that she has good days and bad days in relation to her back pain. Tr. 44. On a bad day, which she estimated to occur about fifty percent of the time, she struggles to get out of bed and must use her recliner to elevate her legs. Tr. 44-46. On her worst days, which occur about five or six times per month, plaintiff cannot do her normal activities and must lie down at home. Tr. 46.

The ALJ rejected plaintiff's subjective symptom testimony to the extent that it conflicted with the RFC. First, the ALJ found that the objective medical evidence in the record did not

Page 7 – FINDINGS AND RECOMMENDATION

support plaintiff's testimony regarding her disabling limitations, because her physical examinations were mostly unremarkable. Tr. 25. Minimal objective findings can further undermine a claimant's credibility when other reasons are present. Burch, 400 F.3d at 680-81. For example, imaging studies of plaintiff's back showed only minor abnormalities. Tr. 491-92, 545-46. While these findings do not support plaintiff's allegations of frequent, debilitating back pain, they do not contradict her subjective testimony. Standing alone, the medical evidence is therefore not sufficient to support the ALJ's credibility analysis. Burch, 400 F.3d at 680-81.

The second reason for rejecting plaintiff's credibility was the ALJ's finding that plaintiff's subjective complaints conflicted with the medical record. Tr. 25. The ALJ may reject a claimant's testimony when it conflicts with the medical record. Carmickle v. Comm'r, 533 F.3d 1155, 1165 (9th Cir. 2008). Here, while plaintiff testified that she experiences "bad days" about half of the time, numerous treatment notes find plaintiff in no acute distress during examinations. See Tr. 463, 491, 507, 510, 513, 516, 521, 528, 531, 534, 543, 549, 553, 558, 561, 565, 632, 641, 644. These findings however fail to establish a contradiction with plaintiff's testimony regarding her condition and the frequency of her bad days. Further, while treatment notes reveal that she could ambulate and toe/heel walk, with full strength in her legs, this does not contradict plaintiff's testimony that she could only walk one block without pain. Tr. 44-45, 491, 507, 510, 543, 549, 566, 632, 645.

The Commissioner also relies on the July 18, 2011 opinion of Jon Vessely, M.D., in his discussion of the medical evidence. Tr. 23. Dr. Vessely, however, based his 2011 opinion on a physical examination performed before plaintiff's alleged onset date. Id. Dr. Vessely's opinion is therefore less probative. See Tr. 484. The Commissioner has failed to show an inconsistency in

the record sufficient to provide a clear and convincing reason for rejecting plaintiff's credibility. Carmickle, 533 F.3d at 1165.

Third, the ALJ found that plaintiff's activities of daily living were inconsistent with her allegations regarding the nature and extent of her limitations. Tr. 25-26. The ALJ may reject a claimant's testimony when it is inconsistent with her level of daily activity. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001). Plaintiff is able to take her children to school, go on "lots of field trips" with her son, attend "a lot of programs [and] parent meetings," provide care for six children, perform household chores including laundry and vacuuming, go outside by herself every day, and shop for groceries. Tr. 45-46, 295-97. The court does not find these activities inconsistent with plaintiff's testimony that she suffers from bad days about 50 percent of the time. Indeed, plaintiff testified that she was not able to perform her usual activities on her bad days. Plaintiff's activities of daily living therefore add no additional weight to the ALJ's credibility determination. Rollins, 261 F.3d at 857.

In sum, while the ALJ provided some reason to reject plaintiff's testimony that she was completely disabled by her symptoms and limitations, that reason was not legally sufficient to support his credibility evaluation.

## B.     Medical Opinion of Dr. Ferguson

Plaintiff next argues that the ALJ erred in discrediting the opinion of treating physician William Ferguson, M.D. The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. Carmickle, 533 F.3d at 1164. The Ninth Circuit distinguishes between the opinions of three types of physicians: treating physicians, examining physicians, and non-examining physicians. The opinions of treating physicians are generally accorded greater weight than the opinions of non-treating physicians. Lester, 81 F.3d at 830. A

Page 9 – FINDINGS AND RECOMMENDATION

treating doctor's opinion that is not contradicted by the opinion of another physician can be rejected only for "clear and convincing" reasons. Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991). If a treating or examining doctor's opinion is contradicted by another doctor's opinion, it may be rejected by specific and legitimate reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).

Dr. Ferguson was plaintiff's treating physician from April 28, 2011, through November 12, 2012. Tr. 628. Based on his findings, Dr. Ferguson opined that plaintiff is able to work four-hour days, four days per week, with some lifting and postural limitations. Tr. 462-63, 471, 628. The ALJ assigned little weight to Dr. Ferguson's opinion, finding it "grossly inconsistent with the rest of the medical examinations in the record." Tr. 27.

The ALJ provided two reasons for rejecting Dr. Ferguson's controverted opinion. First, he found that Dr. Ferguson's opinion conflicted with evidence of plaintiff's daily activities. Tr. 27. An ALJ may assign less weight to a doctor's opinion when it is inconsistent with the claimant's activities. Morgan v. Comm'r, 169 F.3d 595, 601-02 (9th Cir. 1999). As discussed above, the record reveals that plaintiff was able to care for six children, going on field trips with her son, attending meetings for her daughter, performing household chores, going shopping, and caring for her personal needs. Tr. 45-46, 295-97. The court finds these activities are not inconsistent with plaintiff's testimony that she was only able to perform these activities about 50 percent of the time, on her "good days." On this record, plaintiff's activities do not provide a legally sufficient reason rejecting Dr. Ferguson's opinion. Morgan, 169 F.3d at 601-02.

Second, the ALJ found Dr. Ferguson's opinion conflicted with the weight of the medical evidence in the record. The ALJ may assign less weight to a medical opinion that is inconsistent with the overall medical record. 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4). For example, while

Page 10 – FINDINGS AND RECOMMENDATION

Dr. Ferguson assessed severe limitations due to plaintiff's back condition, diagnostic testing showed only mild abnormalities in plaintiff's back. Tr. 491-92, 545-56. Dr. Vessely also examined plaintiff and concluded she was not as limited as Dr. Ferguson noted. Tr. 484-89. He stated that plaintiff suffered from only "mild age-related degeneration" in her back, which was "really not very significant." Tr. 487. However, Dr. Vessely only examined plaintiff in 2010, before her alleged onset date; he rendered an opinion after her alleged onset but did not review her post-onset treatment notes or perform an additional in-person examination. Tr. 484. Dr. Vessely's post-onset opinion was thus entitled to lesser weight than that of treating physician Dr. Ferguson. On this record, the medical evidence cited by the ALJ does not provide a specific, legitimate reason for rejecting Dr. Ferguson's opinion. 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4).

The ALJ also gave "significant weight" to the opinions of the state agency consultative physicians, who opined that plaintiff could sustain a full-time work schedule, contradicting Dr. Ferguson's opinion. Tr. 26, 61-62, 73-74, 89-90, 101-02. However, the opinions of the state agency physicians appear to be largely based on Dr. Vessely's opinion. See Tr. 61, 73, 89, 101. Given the longevity of Dr. Ferguson's treatment relationship with plaintiff, the court finds the opinions of the consultative physicians do not provide substantial evidence for rejecting Dr. Ferguson's opinion. In sum, the ALJ failed to provide legally sufficient reasons based upon substantial evidence for rejecting Dr. Ferguson's opinion.

## C.     Findings at Step Two and Step Four

Finally, plaintiff argues the ALJ erred at steps two by omitting myofascial pain syndrome, sciatica, and chronic pain from the list of her "severe" impairments, thus causing further error at step four. At step two, the ALJ determines whether the claimant has a medically

Page 11 – FINDINGS AND RECOMMENDATION

severe impairment or combination of impairments; step two findings must be based upon medical evidence. 20 C.F.R. §§ 404.1520(a), 416.920(a). An impairment is "not severe" if it "does not significantly limit [the claimant's] ability to do basic work activities." Id. "Omissions at step two are harmless if the ALJ's subsequent evaluation considered the effect of the impairment omitted at step two." Harrison v. Astrue, 2011 WL 2619504, *7 (D. Or. July 1, 2011) (citing Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007)).

The ALJ resolved step two in plaintiff's favor. As noted, the ALJ included degenerative disc disease in the list of severe impairments at step two. Tr. 19. Plaintiff disagrees with the Commissioner's assertion that this impairment is equivalent to myofascial pain syndrome, and that the RFC captures plaintiff's credible limitations. She argues that myofascial pain syndrome, sciatica, and chronic pain support the limitations endorsed by Dr. Ferguson in his medical opinion. Because the ALJ erred in rejecting Dr. Ferguson's opinion, the court finds that omission of Dr. Ferguson's opinion at steps two and four caused further error.

**D.    Remand**

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. Strauss v. Comm'r, 635 F.3d 1135, 1138-39 (9th Cir. 2011) (quoting Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir 2004)). The court may not award benefits punitively and must conduct a "credit-as-true" analysis to determine if a claimant is disabled under the Act. Id. at 1138.

Under the "credit-as-true" doctrine, evidence should be credited and an immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. Id. The "credit-as-true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. Connett v. Barnhart, 340 F.3d 871 876 (9th Cir. 2003) (citing Bunnell, 947 F.2d at 348 (en banc)). The reviewing court should decline to credit testimony when "outstanding issues" remain. Luna v. Astrue, 623 F.3d 1032, 1035 (9th Cir. 2010).

Here, the ALJ failed to provide legally sufficient reasons for rejecting plaintiff's testimony and for rejecting Dr. Ferguson's opinion. When the erroneously rejected evidence is credited as true, no outstanding issues remain before a disability determination can be made. The VE testified that a person with the limitations set forth by Dr. Ferguson and described in plaintiff's testimony could not sustain substantial gainful employment. On this record, it is clear that the ALJ would be required to find plaintiff disabled and therefore remand for immediate payment of benefits is appropriate.

## II.     RECOMMENDATION

The Commissioner's decision is not supported by substantial evidence in the record and should therefore be REVERSED and REMANDED for payment of benefits.

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure Rule

4(a)(1) should not be filed until entry of the district court's judgment or appealable order. The Report and Recommendation will be referred to a district judge.

Objections to this Report and Recommendation, if any, are due no later than fourteen (14) days from today's date. If objections are filed, any response is due fourteen (14) days from the date of the objections. See Fed. R. Civ. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED this 24th day of May 2016.

_____
Jolie A. Russo
United States Magistrate Judge